UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH D. HAVEN, CAMERON
DREVER, MATTHEW LENNON and
TIMOTHY C. HURLEY,

    Plaintiffs,

v.                                    Case No: 6:11-cv-2028-Orl-28TBS

HOT RAYZ COMMUNICATIONS, LLC
and JAMES E. HOLLIS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Currently pending before the Court is Defendants' Motion for Summary Judgment on all claims made against them by Plaintiff Kenneth D. Haven. (Doc. 42). Haven opposes the motion. (Doc. 47). Upon consideration of all relevant filings, case law, and being otherwise fully advised, I respectfully recommend that the motion be **granted**.

### I. Background

#### A. Procedural History

On December 21, 2011, Haven and his fellow Plaintiffs filed this action against Hot Rayz Communications, LLC and James E. Hollis ("Defendants") for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Doc. 1).[2] Plaintiffs have twice amended their Complaint (Docs. 16 and 37) and

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiffs filed an ancillary claim for breach of contract pursuant to Florida Statutes § 448.08. (Doc. 1 ¶¶ 14-21).

ultimately added a claim for violations of the minimum wage provisions of the FLSA and a claim for retaliation under the FLSA. (Doc. 37 ¶¶ 30-40).

### B. Undisputed Facts

The following facts are undisputed:

On September 14, 2011, Haven became a named plaintiff in a complaint filed against Defendants in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida (Case No. 05-2011-CA-46970) (the "Brevard case"). The complaint alleged claims for breach of contract (unpaid wages), breach of an express oral agreement, constructive trust, fraudulent misrepresentation, unjust enrichment, and detrimental reliance. (Doc. 42 at 2; Doc. 47 at 2).

On October 31, 2011, Haven filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court in and for the Middle District of Florida (Orlando Division) (Case No. 6:11-bk-16454-ABB (the "Bankruptcy case"). (Doc. 42 at 2; Doc. 47 at 2). He did not list the Brevard case in his bankruptcy filings.

On November 21, 2011, the plaintiffs in the Brevard case filed a Notice of Voluntary Dismissal without prejudice. (Doc. 42 at 3; Doc. 47 at 2).

On December 21, 2011, the Trustee in Haven's Bankruptcy case issued his Report of No Distribution (Doc. 42 at 3; Doc. 47 at 3); and that same day, Haven and his fellow plaintiffs initiated this federal action alleging Defendants had violated the overtime pay provisions of the FLSA (Doc. 42 at 3; Doc. 47 at 3).

In their January 18, 2012 Notice of Pendency of Other Actions, Haven and his fellow plaintiffs represented to this Court that the Brevard case is the only action that is a "pending or closed civil or criminal case previously filed [in the Middle District], or another Federal or State court, or administrative agency" related to this case (Doc. 7). (Doc. 42 at 3; Doc. 47 at 3).

On February 3, 2012, Haven received a discharge from the bankruptcy court. (Doc. 42 at 3; Doc. 47 at 3). Twelve days later, Haven and his fellow plaintiffs added actions for breach of contract for unpaid wages and for unpaid minimum wages under the FLSA to their claims in this case. (Doc. 42 at 3; Doc. 47 at 3). And, on July 5, 2012, they filed a Second Amended Complaint which added a claim for FLSA retaliation. (Doc. 42 at 4; Doc. 47 at 3).

## II.  Standard of Review

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations

- 3 -

unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). If material issues of fact exist that would not allow the Court to resolve an issue as a matter of law, the Court must not decide them, but rather, must deny the motion and proceed to trial. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).

### III. Discussion

#### A. Standing

The first issue before the Court is whether Haven has standing to have this case heard. Standing "is a jurisdictional prerequisite to suit in federal court." Chen v. Siemens Energy, Inc., 467 F. App'x 852, 853 (11th Cir. 2012) (citing Alabama v. United States Envtl. Prot. Agency, 871 F.2d 1548, 1554 (11th Cir. 1989)). "A claim cannot proceed in federal court if the plaintiff does not have standing." See Guerrero v. Target Corp., 889 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012) ("'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).'") (internal quotations omitted).

Defendants argue that Haven lacks standing because the only party who could have pursued his claims in this action is the bankruptcy trustee. (Doc. 42 at 7). Defendants maintain that "[u]pon the filing of Kenneth Haven's bankruptcy petition, the employment claims pending in state court against Defendants were an asset of Kenneth Haven that vested with the bankruptcy court." (Id. at 8).

"A plaintiff has standing to assert a claim if (1) she can show that she has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a

favorable decision." Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1292 (11th Cir. 2003).

It is well established that a "pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Parker v. Wendy's Int'l, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing Barger, 348 F.3d at 1292). The property of the bankruptcy estate includes all causes of action that exist on the date the debtor files the bankruptcy petition. See Barger, 348 F.3d at 1292; 11 U.S.C. § 541(a)(1). The bankruptcy estate also includes causes of action filed by the debtor *after* the bankruptcy petition is filed if those causes of action are based on claims that accrued prior to the date the bankruptcy petition was filed. See Kleven v. Walgreen Co., No. 09-3594, 2010 WL 1252892, at *2 (7th Cir. Mar. 31, 2010) ("[Appellant's] argument rests on the assumption that the bankruptcy trustee has no legal interest in suits filed by the debtor after a bankruptcy petition is filed. But this is true only with respect to claims that accrued after the debtor entered bankruptcy . . . if the event giving rise to the claim occurred before the debtor filed, the claim belongs to the trustee, who has exclusive power to prosecute it.") (internal citations omitted);[3] Counts v. Red Coats, Inc., Civil Action No. 1:09-cv-3038-TWT-ECS, 2010 WL 2674423, at *4 (N.D. Ga. May 28, 2010) ("A potential cause of action becomes a part of a bankruptcy estate when the claim *accrues*, not when it is filed.") (citing In re Alvarez, 224 F.3d 1273, 1278 n. 12 (11th Cir. 2000)) (emphasis in original). When a debtor fails to list an interest in his bankruptcy schedules, the interest remains with the bankruptcy estate. Parker, 365 F.3d at 1272.

Haven's Brevard case for breach of contract (unpaid wages), was pending when he filed his Chapter 7 bankruptcy petition. He failed to disclose his interest in the Brevard

---

[3] Although unpublished opinions are not considered binding authority, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. See 11th Cir. R. 36-2.

- 5 -

case to the bankruptcy court and consequently, it remains property of the bankruptcy estate. Haven concedes this point. (Doc. 47 at 6).[4] The next question is whether his claims in this Court are also part of the bankruptcy estate.

Haven's claims are for breach of contract (unpaid wages) under Florida law; violation of the FLSA's minimum wage and overtime provisions; and retaliation under the FLSA. (Doc. 37). All of these claims arise out of Haven's employment with Defendants' company during the period from September 13, 2010 through December 24, 2010. (Doc. 23-1 ¶¶ 1, 7, 10).

The fact that Haven pursued his federal claims after his bankruptcy petition was filed is not dispositive because the record evidence establishes that his federal causes of action accrued between September 2010 and December 2010---13 to16 months before he filed his bankruptcy petition. See Knight v. Columbus, 19 F.3d 579, 581 (11th Cir. 1994) ("Each failure to pay overtime constitutes a new violation of the FLSA.") (citing Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050 (5th Cir. 1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed."))[5]; Parker v. Syniverse Tech., Inc., No. 8:10-cv-1635-T-30TBM, 2011 WL 3269639, at *8 (M.D. Fla. Aug., 1, 2011) ("Under the continuing violations doctrine, '[a] cause of action under the FLSA for unpaid overtime accrues at the end of each pay period in which the employer fails to pay overtime to which the employee is entitled.'") (quoting Love v. Phillips Oil, Inc., No. 3:08-cv-

---

[4] Plaintiff Haven "concurs with Defendant[s'] argument that all claims pending in the Brevard County case should be assets vested with the Bankruptcy Court."

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

92/MCR/MD, 2008 WL 5157677, at *1 (N.D. Fla. Dec. 9, 2008)).  Consequently, Haven's claims in this Court are property of his bankruptcy estate and only the bankruptcy trustee has standing to pursue Haven's claims.  For this reason, I respectfully recommend that the district court **grant** Defendants' motion for summary judgment and dismiss Haven's claims.[6]

### B.  Judicial Estoppel

Because I have already determined that Haven lacks standing to pursue his claims I respectfully recommend that the district court find that the issue of whether Haven is judicially estopped from pursuing these claims is moot because "[a] claim cannot proceed in federal court if the plaintiff does not have standing." See Guerrero, 889 F. Supp. 2d at 1352; Page v. Regions Bank, --- F. Supp. 2d ---, Civil Action No. 2:12-cv-2115-WMA, 2012 WL 6913593, at *1 (N.D. Ala. Aug. 22, 2012).

### IV. Recommendation

Now, upon due consideration, I respectfully recommend that Defendants' Motion for Summary Judgment (Doc. 42) be **GRANTED** and that judgment be entered for Defendants and against Haven on all of his claims due to his lack of standing.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 25, 2013.

THOMAS B. SMITH
United States Magistrate Judge

---

[6] Federal Rule of Civil Procedure 17 allows for the trustee to be substituted into the case in place of Plaintiff Haven as the real party in interest.  Subsection (a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  As of the filing of this report and recommendation, the trustee has not filed a motion to be joined or substituted into the case, nor has he filed an objection on the record.

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Leigh R. Meninger, Bankruptcy Trustee, P.O. Box 1976, Orlando, FL 32802-1946